IN THE UNITED STATES COURT OF APPEALS
FOR TENTH CIRCUIT

STEVEN WAYNE FISH, *et al.*,

      Plaintiffs-Appellees,

v.                                Case no. 16-3175

KRIS KOBACH *et al.*,

      Defendants-Appellants.

**RESPONSE BY DEFENDANT-APPELLANT
SECRETARY OF REVENUE NICK JORDAN IN OPPOSITION TO
APPELLEES' MOTION TO CONSOLIDATE APPEALS**

Appellant Kansas Secretary of Revenue Nick Jordan (Secretary Jordan) opposes Plaintiffs'-Appellees' motion to consolidate this appeal with Kansas Secretary of State Kris Kobach's appeal (No. 16-3147) because: (1) the issues in the two appeals are vastly different and can be resolved separately; (2) the appeals are subject to different timing as Secretary Kobach's appeal has already been highly expedited, with his opening brief due July 1, 2016; consolidation would either delay Secretary Kobach's appeal or, if those deadlines are applied to this appeal would be highly prejudicial to Secretary Jordan, requiring him to file an opening brief in a fraction of the usual time allowed; (3) consolidation is prejudicial to Secretary Jordan, adversely affecting his substantial rights (4) consolidation would interfere with the mediation scheduled for June 27, 2016.

Consolidation would be neither efficient nor equitable. In further support of these reasons in opposition, Secretary Jordan states as follows.

### *Standards for Consolidation*

In *United States  v. Tippett*, 975 F.2d 713, 716 (10th Cir. 1992), this Court discussed Federal Rule of Appellate Procedure 3(b), stating:  "[a]lthough there is a dearth of guidance about the effects of consolidation in the federal appeals court, consolidation in the federal district court is analogous and relevant, *see* Fed. R. Civ. P. 42(a), and legal authority interpreting the effect of Rule 42(a) is more plentiful." On a motion to consolidate under Fed. R. Civ. P. 42, the movant bears the burden of proof. *Ulibarri v. Novartis Pharm. Corp.*, 303 F.R.D. 402, 404 (D.N.M. 2014) (citing *Servants of Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994) (denying consolidation despite the existence of common issues of law and fact where individual issues existed and consolidation would risk delay of one of the cases)); 9A C. Wright & A. Miller, *Federal Practice and Procedure* 3d § 2383, at 50 (2008) (citing cases).

Under Fed. R. Civ. P. 42, consolidation is denied where a common issue is not central to the resolution of the case, where consolidation would delay the processing of a case, or where consolidation would lead to confusion or prejudice. *Id.*, at 40-43 (citing cases). "Consolidation often is improper if it aligns a party in a portion of the litigation with other parties with whom he or she has a conflicting

interest with regard to other portions of the consolidated litigation." *Id.*, at 49. The court considering consolidation "must make sure that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case." *Dupont v. Southern Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966), *cert. denied,* 386 U.S. 958 (1967). Consolidation is considered on a case-by-case basis. *Tippett*, 975 F.2d at 718. *Tippett* cited *Ivanov-McPhee v. Washington Nat. Ins. Co.*, 719 F.3d 927, 930 (7th Cir. 1983), noting the proposition that a litigant's interests should not be seriously undermined through consolidation if the consolidation is of a type where the actions lose their separate identity and status. *Id.* at 717. All of these factors weigh against consolidation here.

## Analysis

On June 20, 2016, less than ten days before the opening brief is due in Secretary Kobach's appeal (No. 16-3147), Plaintiffs-Appellees (hereinafter referred to collectively as "Fish") filed their Motion to Consolidate Secretary Kobach's appeal with this one. The only reason for the consolidation stated in the Fish Motion is that, "[b]ecause these appeals relate to the same preliminary injunction, these cases should be consolidated in order to maximize the Court's efficiency in handling these cases." Other than a general reference to FRAP 3(b), Fish cites no authority in support of the Motion, and little analysis. Fish also

misstates or omits relevant facts. Just because this appeal "relate[s] to the same preliminary injunction" as Secretary Kobach's appeal does not mean that the two appeals should be consolidated or that a common issue is central to both appeals.

In Secretary Kobach's appeal, he defends the merits of K.S.A. 25-2309(l)—the state law requiring documentary proof of citizenship to register to vote—against a challenge by Fish that the statute is preempted by the National Voter Registration Act, 52 U.S.C. § 20510. The Kansas statute is enforced only by election officials. And the federal statute imposes obligations on "the chief election official of the State." 52 U.S.C. § 20510(b). Secretary Jordan is not an election official, but Secretary Kobach is. Indeed, Secretary Jordan is mentioned only in the caption of the District Court Complaint and in a single paragraph mentioning he is the head of Kansas' Division of Vehicles. Nonetheless, the District Court enjoined him from enforcing a statute he does not in fact enforce. Thus, Secretary Jordan has very different interests in the appeal and his appeal involves very different issues than those raised by Secretary Kobach.

Secretary Kobach's appeal focuses on the merits of the NVRA challenge, as stated in his Docketing Statement filed June 7, 2016. By contrast, Secretary Jordan's appeal is focused on the legality of retrospective relief against a State official who has no enforcement responsibilities under the state law at issue, and

Eleventh Amendment and subject matter jurisdiction issues not raised by Secretary Kobach.

For example, Revenue Secretary Jordan appeals the District Court's Memorandum and Order for denying his claim of Eleventh Amendment immunity, enjoining him from enforcing a statute he does not enforce, and the Order's failure to state specifically what Secretary Jordan is enjoined from doing. No such issues are raised in appeal Secretary Kobach's appeal. The docketing statement in Secretary Kobach's appeal raises eight separate issues, none of which involves the Eleventh Amendment or any issue similar to that raised by Secretary Jordan in his docketing statement filed June 17, 2016. Because the issues are not the same and do not substantially overlap, no efficiencies are achieved through consolidation.

The Secretaries have defended Fish's claims separately throughout this litigation. Fish has argued below that the Secretaries are in conflict with one another, another reason consolidation should be denied. That the Secretaries chose to file separate appeals, instead of a joint one, illustrates that they believe their distinct interests and issues are best served by pursuing separate appeals.

The appeals are on different tracks, another reason to deny consolidation. While Secretary Jordan's appeal is proceeding in the normal course (for reasons including that the District Court specified no acts of Secretary Jordan to be enjoined, and hence, no stay or expedited review was needed), Secretary Kobach's

appeal is on a fast track. Secretary Kobach filed his appeal on May 23, 2016.  On June 10, 2016, this Court granted his request for expedited review.  Under the expedited schedule, Secretary Kobach's principal brief in Case No. 16-3147 is due July 1, a mere eight days off. Oral argument in that case is set for August 23, 2016. By contrast, Secretary Jordan's appeal was filed on June 15, 2016, docketed on June 17, 2016, and the principal brief in that appeal is due August 1, 2016—a full month later than Secretary Kobach's.  No oral argument date has been set in Secretary Jordan's appeal.

Once consolidated, cases normally follow a single briefing schedule, are assigned for hearing on the same day, and may require a combined brief. *See* 10th Cir. R. 31.3(A).  Requiring Secretary Jordan to prepare and file his brief on appeal in less than eight days is obviously prejudicial to him and to his appeal. And given the differences between the issues raised in the respective appeals that prejudice is both unnecessary and far outweighs any negligible procedural efficiencies that might be achieved by consolidation.

Delaying Secretary Kobach's appeal would be unfair to him, as well as to the people of Kansas who would benefit from a quick resolution of the merits issue, an issue which does not appear in the docketing statement in this appeal. On the other hand, forcing Secretary Jordan onto the Kobach appeal fast track would seriously undermine his ability to pursue his separate and distinct issues on

appeal. Consolidation is a tool courts use on a case-by-case basis to achieve "convenience and economy in administration," but it should not be used where, as here, it would undermine a party's opportunity to fully and independently pursue their appeal. *United States v. Tippett*, 975 F.2d 713, 716 (10th Cir. 1992).

Consolidation should be denied because it would substantially undermine Secretary Jordan's rights and interests. Secretary Kobach has already requested leave to file an enlarged brief in his appeal, presumably leaving no words or pages available for Secretary Jordan. Fish opposes Secretary Kobach's request to file an enlarged brief on appeal, leaving no room for Secretary Jordan's issues if the appeals are consolidated and the briefs combined. The Court has already denied that motion, indicating Secretary Kobach must file his brief within the established page limits, leaving no room for Jordan's arguments or issues.

On June 20, 2016, prior to the Fish Motion being filed, Secretary Jordan's appeal was referred for mediation, which is now scheduled for July 27. Secretary of State Kobach is not a party to the scheduled mediation proceeding. Given that the law favors settlement of controversies, this Court should allow every opportunity for mediation to succeed. Consolidation of this appeal interferes with the scheduled mediation and the opportunity to resolve this appeal without the burden of additional briefing and argument.

WHEREFORE Kansas Secretary of Revenue Nick Jordan, Appellant herein, to protect his ability to fully and independently pursue his appeal, requests that Plaintiffs'-Appellees' Motion to Consolidate Appeals be denied.

## Certificate of Compliance

The undersigned certify that the above document complies with the required privacy redactions, that any hard copies submitted with this filing will be exactly the same and that this document was scanned for viruses using Sophos Protection and according to the program, the submission is free of viruses. This Response complies with the page limitation of Fed. R. App. P. 27(d)(2). It contains 1,934 words.  This response has been prepared in a proportionally-spaced typeface—14-point Times New Roman—using Microsoft Word 2007.

Respectfully submitted:

*/s/ J. Brian Cox*_____
J. Brian Cox, #11089
Legal Services Bureau, KDR Docking
State Office Building 915 SW Harrison
Topeka, KS 66612-1588
Phone (785) 296-2381
FAX (785) 296-5213
Email brian.cox@kdor.ks.gov

OFFICE OF THE ATTORNEY
GENERAL
DEREK SCHMIDT


_/s/ M.J. Willoughby_____
M.J. Willoughby, #14059
Assistant Attorney General
Memorial Building, 2nd Floor
120 SW 10th Avenue,
Topeka, Kansas, 66612-1597
Phone: (785) 368-8426
Fax: (785) 291-6797
Email: MJ.Willoughby@ag.ks.gov

*Attorneys for Appellant*
*Revenue Secretary Nick Jordan*

## CERTIFICATE OF SERVICE

I, M.J. Willoughby, hereby certify that on June 23, 2016, the above and foregoing was filed via the Court's electronic filing system which will serve a copy on all counsel of record, but was also served by email upon the following: Stephen Douglas Bonney, ACLU Foundation of Kansas, 6701 W. 64th St., Suite 201, Overland Park, KS 66202, dbonney@aclukansas.org; Neil A. Steiner, Rebecca Waldman, Dechert LLP, 1095 Avenue of Americas, New York, NY 10036, neil.steiner@dechert.com, Rebecca.waldman@dechert.com; Dale E. Ho, R. Orion Danjuma, Sophia Lakin, ACLU Foundation, Inc., 125 Broad St., 18th Fl., New York, NY 10004, dale.ho@aclu.or, adonjuma@aclue.org, slakin@aclu.org; Angela M.Liu, Dechert LLP , 35 West Wacker Driver, Suite 3400, Chicago, IL 60601, angela.liu@dechert.com. *Attorneys for Appellees,* and on Kris Kobach, Garrett Roe, Secretary of State, Memorial Hall, 1st Floor, 120 SW 19th Ave., Topeka, KS 66612, sos@sos.ks.gov, garrett.roe@sos.ks.gov, *Attorneys for Secretary of State.*

/s/ M.J. Willoughby_____
M.J. Willoughby
Assistant Attorney General